**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GABRIELE GARZA, ID # 44474-177,** | ) | |
|           **Movant,** | ) | |
| vs. | ) | **No. 3:14-CV-0093-N-BH** |
| | ) | **No. 3:12-CR-0133-N (04)** |
| **UNITED STATES OF AMERICA,** | ) | |
|           **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Gabrielle Garza (Movant), an inmate currently incarcerated in the Bureau of Prisons, filed a document in her underlying criminal case titled *Motion for reduction of sentence or variance*. (*See* doc. 2). It was construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and this new civil case was opened. On January 14, 2014, the Court issued a *Notice of Deficiency and Order* notifying Movant that she had not filed the motion on the appropriate form and instructing her to do so within thirty days. (*See* doc. 3). On February 21, 2014, the Court issued a *Second Notice of Deficiency and Order*, advising Movant that her filing had been construed as a first § 2255 motion, and instructing her that she had thirty days to either advise the Court that: 1) she did not intend to file a § 2255 motion; or 2) proceed with the case and file an amended § 2255 motion on the proper form raising all the claims she seeks to raise in challenging her conviction. (*See* doc. 4). More than 30 days from the date of the second order have passed, but Movant has not filed anything in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Movant failed to either advise the Court that she did not intend to file a § 2255 motion or filed an amended § 2255 motion. She has not filed anything else or otherwise shown that she intends to proceed with this case.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Movant files an amended § 2255 motion within the time for objection to this recommendation, or some other time set by the Court.

**SIGNED this 4th day of April, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE